NOT RECOMMENDED FOR PUBLICATION
OR CITATION AS AUTHORITY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| NEHEMIAH KING THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 05-575-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| D. L. STINE, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Nehemiah King Thomas, an individual currently in the custody of the Federal Bureau of Prisons ("BOP") and incarcerated in the United States Penitentiary–McCreary in Pine Knot, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the district court filing fee. This matter is pending for initial screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIMS AND ALLEGATIONS

The Petitioner's factual allegations are scant. He has submitted a common 7-page petition form for filing §2241 actions, but pages 2 and 3 are missing. The following is a summary or construction of the allegations contained in the pages which he did complete and file.

The Petitioner challenges a disciplinary proceeding in which he was convicted of two offenses (insolence toward staff and using machinery contrary to instructions) for which he was punished with the loss of 20 days of good conduct time.  With regard to his claims, on the petition form, he has checked that the BOP has "unlawfully revoked my good-time credits," and he lists the following as his supporting facts:

> Security staff didn't acknowledge medical problem
> Goodman v. Wagner 553 F.255 (E.D. Pa. 1982)
>
> Boyce v. Alizuduh 595 F.2d 948 (1st Cir. 1979)
> Institution doesn't have medical staff on duty after 11:pm
>
> Wolff v. McDonnell
> Loss of good time doesn't have medical staff
>
> Impartial DHO Hearing
> Morrissey v. Brewer 408 U.S. 471 (1972)

[Record No 1, p. 6]  On the first page of the petition, Thomas gives his date of conviction as being January 25, 2005; however, on page 6, he has indicated the date as being July 21, 2005. He indicates on page 4 that he appealed to the Regional Director and to the BOP's General Counsel.  These are all of the Petitioner's allegations.

## DISCUSSION

The instant petition may not go forward because the Petitioner has not demonstrated that he exhausted the BOP's administrative remedies prior to the instant filing.  In addition, he has failed to state a claim upon which this Court may grant relief.  Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v.*

*Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) (federal courts have imposed upon federal prisoners the requirement that they exhaust their administrative remedies in accordance with Bureau of Prisons policy).

The administrative remedies available to inmates confined in BOP institutions are set out in the Administrative Remedy Program found at 28 C.F.R. §§542.10-.19 (1998). Section 542.13(a) requires that an inmate first informally present his complaint to the staff, thereby providing the institution with an opportunity to correct the problem before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, he may then file a formal written request (a BP-9 form) with the Warden. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director. If not satisfied with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General Counsel. *See* §542.15 (a) - (b).

Here, the Petitioner has not attached any of the documents which would have been exchanged in the BOP administrative remedy process. Likewise, he has not provided a detailed description of the position of the BOP at each level of appeal. Other than checking 2 boxes with "yes" to form questions about appealing to the BOP's Regional Director and General Counsel, he has not even alleged total exhaustion administratively. Exhaustion of administrative remedies is needed to prepare a record for the Court's review; however, the Petitioner in this case has not provided a record. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086

(1980). As a result, his petition will be dismissed without prejudice to his right to bring another action demonstrating exhaustion of his administrative remedies.

The lack of a record contributes to the other fatal flaw in the instant petition. Thomas' "supporting facts," as set out above in their entirety, are not actually supporting facts. Instead, any relevant facts are conspicuously absent. For example, he refers to medical issues without explaining what they have to do with the complained-of disciplinary proceeding. The Court cannot divine what, if any, valid challenge he may have to that proceeding. Only one of his "facts" sounds like it may be an intended issue, *i.e.*, his writing "Impartial DHO Hearing." Yet the petitioner supplies no other information, no actual facts about the official or the hearing itself which would indicate that the hearing official may *not* have been impartial.

The initial pleading in this case has not set forth any basis for his claims in a manner that does not require either the Respondent or this Court to "conjure up unpled allegations." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied*, 431 U.S. 914 (1977)). This is exactly the situation with the instant petition.

## **CONCLUSION**

Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1)  Nehemiah King Thomas' petition for writ of habeas corpus is **DENIED**. His claims are **DISMISSED**, without prejudice.

(2)  This action is **DISMISSED** and stricken from the Court's docket. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 3rd day of November, 2005.

Signed By:
*Danny C. Reeves* DCR
United States District Judge